UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUSTIN RUSSO,

        Plaintiff,

   v.

MARTINEZ DETENTION FACILITY
MEDICAL, et al.,

        Defendants.

Case No. 25-cv-08606-AMO (PR)

**ORDER DIRECTING PLAINTIFF TO
PROVIDE A CURRENT ADDRESS;
AND TERMINATING PENDING
MOTIONS AS MOOT**

Re: Dkt. Nos. 8, 14

Mail recently sent to Plaintiff Justin Russo, who is representing himself, has been returned as undeliverable, indicating that Russo is no longer in custody at Pleasant Valley State Prison ("PVSP"). On June 15, 2026, mail directed to Russo at PVSP by the Court was returned to the Clerk of Court with the following notation: "RETURN TO SENDER[,] REFUSED[,] UNABLE TO FORWARD." Dkt. 16 at 1. Further notations indicated that it was returned as undeliverable because he was not in custody as he had been "parole[d]." *Id.* Moreover, a check of the prison's online inmate finder on July 9, 2026 shows that he is no longer listed as being in custody. To date, Russo has not updated his address with the Court or submitted any further pleadings in this case.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may on its own motion dismiss an action for failure to prosecute or to comply with a court order. *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). But such a dismissal should only be ordered when the failure to comply is unreasonable. *See id.* A court should afford the litigant prior notice of its intention to dismiss. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987). Pursuant to Northern District Local Rule 3-11 a self-represented party proceeding whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The

Court may dismiss without prejudice a complaint when: (1) mail directed to the self-represented party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the self-represented party indicating a current address. *See* L.R. 3-11(b).

In light of the foregoing, Russo shall inform the Court of his current address no later than **sixty (60) days** from June 15, 2026, the date mail was returned as undeliverable. **Failure to timely do so shall result in dismissal of this action without prejudice under Local Rule 3-11(b) and Federal Rule of Civil Procedure 41(b).**

All pending motions, including Russo's *in forma pauperis* application and his motion entitled "Motion to File in Leave Pursuant to Rule 15(c) & 19(a) Amended Complaint," *see* Dkts. 8, 14, are **TERMINATED** as moot without prejudice to refiling after Russo provides his current address.

**IT IS SO ORDERED.**

Dated:   7/10/2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**